USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK HOTTON,

                    Petitioner,

          - against -

UNITED STATES OF AMERICA,

                    Respondent.

18-cv-7717 (JGK)
12-cr-825 (JGK)

MEMORANDUM OPINION &
ORDER

JOHN G. KOELTL, District Judge:

The petitioner, Mark Hotton, appearing pro se, moves under
28 U.S.C. § 2255 to vacate his guilty plea and sentence in
connection with a wire fraud charge in violation of 18 U.S.C.
§ 1343. The petitioner alleges that his guilty plea was
constitutionally involuntary because the Government withheld
information regarding one of the petitioner's victims and
because the Government told the petitioner that pleading guilty
was necessary to receive cooperation credit under § 5K1.1 of the
United States Sentencing Guidelines ("U.S.S.G.") for a separate
matter that was pending in the Eastern District of New York (the
"Eastern District matter"). The petitioner also claims that his
trial counsel rendered ineffective assistance by failing to
object to the guidelines calculation at the petitioner's
sentencing. The petitioner also requests discovery to expand the
administrative record, an evidentiary hearing, and the

appointment of counsel. For the reasons explained below, the petitioner's motion is **denied.**

## I.

In November 2012, the petitioner was charged in an indictment with two counts of wire fraud in violation of 18 U.S.C. § 1343. The charges were based on the petitioner's orchestration of two fraud schemes. The first scheme, charged in Count One of the indictment, involved the petitioner's defrauding the producers of the contemplated Broadway musical Rebecca. See No. 12cr825, Dkt. No. 6 ¶¶ 2-9. The second scheme, charged in Count Two of the indictment, involved the petitioner's defrauding a Connecticut-based Real Estate Company ("the Real Estate Company"). See id. ¶¶ 10-16.

Count Two of the indictment alleged that the petitioner promised the Real Estate Company's president, John DiMenna, that the petitioner would secure investors for the Real Estate Company's investment fund and assist the Real Estate Company in obtaining a $20,000,000 loan for one or more of its projects in exchange for upfront fees. Id. ¶ 12. The petitioner identified companies and contacts at those companies who could help supply funding. Id. ¶¶ 1, 12-15. However, the indictment charged that the companies and persons that the petitioner identified to DiMenna were entirely fabricated by the petitioner. Id. ¶¶ 1, 4, 15. The petitioner leveraged these fake companies and contacts

to obtain upfront fees from the Real Estate Company based on the company's belief that the petitioner would assist the company in raising funds for its corporate endeavors. Id. ¶¶ 12-15.

In July 2013, the petitioner pleaded guilty to both counts of the indictment. In the petitioner's plea agreement, he affirmed that he accepted the plea agreement "and decided to plead guilty because he is in fact guilty." Opp'n Ex. A at 4. The petitioner stipulated to a United States Sentencing Guidelines range of 33 to 41 months that was based on an agreed total loss amount of between $400,000 and $1,000,000. Id. at 2-3. The petitioner agreed to "not file a direct appeal, nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 33 to 41 months imprisonment . . . ." Id. at 4. He further agreed to "waive[] any and all right to withdraw his pleas or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, [or] exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963) . . . ." Id.

During his plea allocution, the petitioner again affirmed that he was "plead[ing] guilty because [he was] in fact guilty." No. 12cr825, Dkt. No. 32 at 25. The petitioner admitted that

"[s]ome of the fees and expenses that [he] received to raise money for . . . a Connecticut real estate company were paid as a result of false pretenses by me [the petitioner]," and that he knew that his actions were wrong and illegal at the time. Id. at 20-21.

On October 10, 2014, the Court sentenced the petitioner principally to a term of thirty-four months' imprisonment on Counts One and Two to run concurrently. No. 12cr825, Dkt. No. 65 at 28. The Court also ordered that the petitioner pay $68,000 in restitution to the victims related to Count One. Id. at 26. However, the Court did not order restitution on Count Two. Although DiMenna had a claim for restitution in excess of $400,000, DiMenna withdrew that claim. At sentencing, counsel for the Government explained the DiMenna withdrew his claim because DiMenna "was mortified by his victimization . . . and did not want his name mentioned publicly." Id. at 12. Further, counsel for the Government indicated that the petitioner had served DiMenna with subpoenas for bank documents and other records in connection with sentencing, and that DiMenna did not want to provide these documents to the petitioner. Rather than move to quash the subpoenas, DiMenna simply withdrew his request for restitution. Id. at 12-13. The Court considered the loss of over $400,000 suffered by DiMenna when calculating the appropriate guidelines sentencing range for the petitioner. Id.

at 22. The petitioner's counsel did not object to this consideration, and the petitioner did not appeal his sentence. The petitioner's conviction became final in November 2014.

About three years after sentencing, the United States Attorney's Office for the District of Connecticut announced unrelated charges against John DiMenna (the "DiMenna charges") for defrauding real estate investors and lenders. The petitioner contends that the DiMenna charges constitute new evidence relevant to the petitioner's own conviction and that this new evidence warrants relief.

## II.

The petitioner now moves under 28 U.S.C. § 2255 to vacate his guilty plea and sentence on Count Two -- the charge related to the Real Estate Company -- on the grounds that the Government was aware of the crimes that gave rise to the charges against DiMenna in Connecticut and withheld that information from the petitioner. He also brings an ineffective assistance of counsel claim, arguing that his counsel should have objected to the Court's considering the loss of over $400,000 suffered by DiMenna in calculating the petitioner's sentencing guideline range because DiMenna did not seek restitution for this loss.

## A.

To show that his sentence is invalid, under 28 U.S.C. § 2255 the petitioner must establish "that the sentence was

5

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." To prevail on a § 2255 petition, a defendant must demonstrate "constitutional error . . . or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The petitioner argues that his guilty plea was involuntary because (1) the Government allegedly withheld information regarding DiMenna's criminal conduct and (2) a prosecutor in a separate matter that was pending in the Eastern District of New York told the petitioner that pleading guilty was necessary for the petitioner to receive a letter under § 5K1.1 of the Sentencing Guidelines for the prosecution in the Eastern District, and the petitioner never received a § 5K1.1 letter.

A guilty plea is "constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). A plea is considered intelligent if the defendant is advised by counsel and understands the consequences of his plea. See Brady, 397 U.S. at 756. A plea is "deemed

involuntary, and therefore void, if it is the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." United States v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (quotation marks and citation omitted). Moreover, to be voluntary, the defendant must "possess[] an understanding of the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 466 (1969). The petitioner claims that his plea was constitutionally invalid because the Government knew that the petitioner's victim, DiMenna, was himself involved in a fraud against lenders and investors, and the Government did not inform the petitioner of DiMenna's conduct at the time that the petitioner pleaded guilty.

As an initial matter, the petitioner has set forth no factual basis for his conclusion that prosecutors in the Southern District of New York were aware of crimes that prosecutors in the United States Attorney's Office for the District of Connecticut would charge DiMenna with years later.

More importantly, the fact that DiMenna was himself involved in a separate fraud has no bearing on the petitioner's guilty plea. The petitioner has not asserted that the DiMenna charges were in any way relevant to the charges in Count Two of the petitioner's indictment. To the extent that the petitioner argues that the DiMenna charges cast doubt on the petitioner's

own guilt, that argument is unavailing. The petitioner admitted to having committed wire fraud against DiMenna. The fact that DiMenna was himself a fraudster would not excuse the petitioner's crime against DiMenna. The petitioner admitted to his criminal conduct in the plea agreement, at his plea allocution, and at sentencing. The petitioner's solemn admissions of guilt are in no way undercut by the recent charges against DiMenna. Because the DiMenna charges are not relevant to the petitioner's guilty plea, the fact that the petitioner was unaware of the DiMenna charges when he pleaded guilty does not render his guilty plea involuntary.

The petitioner also argues that his plea was constitutionally involuntary because a prosecutor in a separate matter in the Eastern District of New York allegedly told the petitioner that the petitioner must plead guilty in order to receive a § 5K1.1 letter in the Eastern District matter.

This claim is time-barred. A one-year statute of limitations applies to collateral challenges brought pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year limitations period begins from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. The petitioner does not base his argument about not receiving a § 5K1.1 letter in the Eastern District prosecution on new facts or new evidence. Rather, the

petitioner argues that he should have received a § 5K1.1 letter based on proffers he made leading up to his sentencing and that he never received such a letter. The petitioner was sentenced in his Eastern District case on June 25, 2015. See No. 12cr649 (E.D.N.Y.), Dkt. No. 230. The petitioner knew by that date that he had not received a § 5K1.1 letter in the Eastern District of New York but waited over three years to bring the current petition. Accordingly, the claim concerning the failure to grant a § 5K1.1 letter in the Eastern District of New York is plainly time-barred.

In any event, the petitioner's argument regarding the § 5K1.1 letter is without merit because the record discloses that the petitioner's guilty plea was knowing and voluntary. See Chowdhary v. United States, No. 14cv6078, 2015 WL 273728, at *4 (S.D.N.Y. Jan. 22, 2015) (considering a petitioner's sworn statements at his plea allocution that his plea was knowing and voluntary). The petitioner's sworn testimony from his plea hearing shows that his plea was knowing and voluntary, and the petitioner has not presented evidence to suggest otherwise. The petitioner made his plea in open court, where the petitioner stated that nobody had offered him any inducements, threatened him, or forced him to plead guilty. No. 12cr825, Dkt. No. 32 at 18. The petitioner stated that he was pleading guilty because he was in fact guilty and for no other reason. See id. at 25. The

petitioner confirmed that he read his plea agreement before he signed it, and the agreement he signed constituted his complete and total understanding of the entire agreement between the Government, the petitioner's lawyer, and the petitioner. No. 12cr825, Dkt. No. 32 at 17-18. That agreement contained no reference to a 5K1.1 letter in the Eastern District matter. See Opp'n Ex. A. Nonetheless, the petitioner confirmed that nothing had been left out of the plea agreement. No. 12cr825, Dkt. No. 32 at 18. Such sworn statements in open court at a plea hearing "carry a strong presumption of verity." United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, "[s]uch statements are conclusive absent a credible reason for departing from them." McNaught v. United States, 646 F. Supp. 2d 372, 382 (S.D.N.Y. 2009) (citing United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992)).

The petitioner's claim that his plea was involuntary is based on conclusory allegations that contradict the sworn statements that he made during his plea allocution. Therefore, the petitioner's claim that he was induced to plead guilty by the alleged promise of a § 5K1.1 letter fails to provide a basis for vacating, setting aside, or correcting his sentence. See id. at 382-83 (holding that a petitioner's assertion that his counsel induced him to plead guilty by making promises about the

length of his sentence did not overcome the petitioner's solemn affirmations at his plea hearing, which demonstrated voluntariness).

**B.**

The petitioner also claims that his counsel was ineffective for having failed to object to the guidelines calculation that included the loss to DiMenna.

This claim is also barred by the one-year statute of limitations found in 28 U.S.C. § 2255(f). The petitioner alleges that the statute of limitations does not apply to his § 2255 petition because his petition is based on new evidence, namely, the petitioner's discovery of the recent DiMenna charges. However, this alleged new evidence has no bearing on the petitioner's argument that his attorney should have objected to the guidelines calculation at sentencing. The petitioner's counsel could not have lodged an objection based on the DiMenna charges because these charges were alleged years after the petitioner's sentencing and there is no suggestion that the petitioner's counsel had any access to information about a criminal investigation of DiMenna. In short, the alleged new evidence, that DiMenna was charged in a separate fraud years later, could not have provided a basis for an objection at the

time of sentencing.[1] Accordingly, the statute of limitations for this claim began to run when the petitioner was sentenced in October 2014.

In any event, the petitioner's ineffective assistance of counsel claim is meritless. To establish a claim of ineffective assistance of counsel, the petitioner must show both that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

The petitioner cannot meet either prong of the Strickland test. The petitioner argues that because DiMenna did not seek restitution, the petitioner's counsel should have objected to the Court considering DiMenna's loss of over $400,000 in its guidelines calculation. However, the fact that DiMenna did not seek restitution has no bearing on the fact that the petitioner caused a loss of over $400,000 to DiMenna, and it was appropriate to consider that loss in the guidelines calculation. See U.S.S.G. § 2B1.1 (U.S. Sentencing Comm'n 2012) (considering

---

[1] Nor would an objection based on the DiMenna charges have been relevant. The fact that the petitioner's victim was himself engaged in defrauding others is not a relevant factor in ascertaining the loss caused by the petitioner to the victim.

the loss amount in calculating the guidelines sentencing range).[2]
Moreover, the petitioner stipulated to the accuracy of the
guidelines calculation in his plea agreement, where the
petitioner affirmed that the relevant loss exceeded $400,000 but
was not more than $1,000,000. Opp'n Ex. A at 2. For these
reasons, there would have been no sound basis for the
petitioner's counsel to object to the fact that DiMenna's loss
of over $400,000 was considered in the guidelines calculation.
Therefore, the petitioner cannot show that his attorney's
conduct was unreasonable, nor can the petitioner show that the
failure to object was prejudicial, because such an objection
would have been meritless. See Wolfson v. United States, 907 F.
Supp. 2d 418, 423 (S.D.N.Y. 2012) ("In order to succeed on a
claim that counsel was ineffective by failing to object, a
petitioner must posit a meritorious objection.").

### C.

The petitioner also seeks to amend his § 2255 petition to
add claims that he raised in his reply brief -- namely, that (1)
his plea agreement in which he waived the right to collaterally
attack his sentence does not bar this petition, (2) the one-year
statute of limitations found in 28 U.S.C. § 2255(f) does not bar
his claims, and (3) the Government's alleged withholding

---

[2] The parties stipulated in the plea agreement that the 2012 Sentencing
Guidelines Manual applied to the petitioner's offense conduct. Opp'n
Ex. A at 2.

information about the DiMenna charges when the petitioner

pleaded guilty should estop the Government from arguing that his

§ 2255 petition should not be resolved on the merits.

The Court has considered all of the petitioner's arguments.
As explained above, even ignoring the waiver in the plea
agreement and the statute of limitations, the petitioner's
claims lack merit. There is no factual basis to support the
petitioner's assertion that the Southern District of New York
prosecutors withheld information regarding the later DiMenna
charges from the petitioner, or that the DiMenna charges were in
any way relevant to the petitioner's plea. Nor has the
petitioner shown that his counsel's failure to object at
sentencing amounted to ineffective assistance of counsel.

**D.**

The petitioner also seeks to expand the record to include
information regarding proffers the petitioner made to the
Government in the hope of obtaining a § 5K1.1 letter, and he
seeks information that the prosecutors in the Southern District
of New York and the District of Connecticut possessed about
DiMenna.

The petitioner's request to expand the record appears to be
a request for discovery. Discovery is not generally available in
habeas corpus proceedings. To obtain discovery in a proceeding
brought under 28 U.S.C. § 2255, the petitioner must show good

cause. <u>Viertel v. United States</u>, No. 08cv7512, 2014 WL 406523, at *1 (S.D.N.Y. Jan. 30, 2014). Good cause is established where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Drake v. Portundo</u>, 321 F.3d 338, 345 (2d Cir. 2003) (quotation marks and citation omitted).

The petitioner has not shown good cause to obtain discovery. The fact that DiMenna was involved in a fraudulent scheme in no way excuses the conduct to which the petitioner pleaded guilty, nor is it relevant to calculating the loss the petitioner caused to DiMenna. Discovery with respect to the petitioner's proffers to prosecutors is irrelevant because it is plain that the petitioner pleaded guilty in this case and in the Eastern District of New York without a § 5K1.1 letter. <u>See</u> No. 12cr649 (E.D.N.Y.), Dkt. No. 224 at 7-8 (Government sentencing submission explaining that the petitioner was aware that there was no cooperation agreement between him and the Government when he pleaded guilty). Accordingly, the petitioner has not shown that the information he seeks would establish that he is entitled to relief.[3] <u>See Drake</u>, 321 F.3d at 345.

---

[3] Further, to the extent that the petitioner argues that the information he seeks would show that he was entitled to a U.S.S.G. 5K1.1 letter, that claim is not properly before this Court, because it relates to his prosecution in the Eastern District of New York.

The petitioner's request for an evidentiary hearing is **denied** for the same reasons. Evidentiary hearings are "required only if the petitioner has alleged facts that, if true, would entitle [the] petitioner to relief." Dalisay v. United States, No. 07cv2753, 2008 WL 1821816, at *3 (S.D.N.Y. Apr. 22, 2008) (quotation marks and citation omitted). The allegations raised by the petitioner do not call into question the legality of his sentence and conviction. Accordingly, the petitioner is not entitled to an evidentiary hearing.

### E.

Finally, the petitioner requests that the Court appoint him counsel under 18 U.S.C. § 3006A. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915, and these standards are useful in determining whether the interests of justice require appointing counsel for a habeas petitioner under 18 U.S.C. § 3006A(a)(2). See Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986); Jackson v. Moscicki, No. 99cv2427, 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 61–62; see also Tarafa v. Artus, No. 10cv3870, 2010 WL 2545769, at *1

(S.D.N.Y. June 9, 2010). For the reasons explained above, the petitioner has not shown a likelihood of success on the merits. Indeed, his claims lack merit. Accordingly, his request for the appointment of counsel is **denied.**

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent they are not specifically addressed, they are either moot or without merit. For the reasons explained above, the petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **denied,** as are his motions for discovery, for an evidentiary hearing, and for the appointment of counsel.

Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 1, 2019**

John G. Koeltl
United States District Judge